**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| BEVERLY R. HOWARD,      )<br>                                          )<br>     Plaintiff,                       )<br>                                          )<br>v.                                       )<br>                                          )<br>Central Credit Services, Inc.,  )<br>     A foreign corporation,    )<br>                                          )<br>     Defendant.                  )  | Case No.<br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Beverly Howard, for her claims against Defendant Central Credit Services, Inc. (hereinafter known as "CCS"), alleges and states as follows:

## PARTIES

1. Plaintiff is an individual domiciled in Kingfisher County, State of Oklahoma.

2. Central Credit Services, Inc. is a Florida General Partnership. Central Credit Services, Inc. is a debt collection firm engaged in the business of debt collection. Central Credit Services, Inc.'s principal purpose is the collection of debts using the mails and telephone, and it regularly attempts to collect debts alleged to be due another.

3. Central Credit Services, Inc. is a "debt collector" as defined by the Fair Debt Collection Practice Act, 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1337.

5. Venue is proper in that Defendants transact business in the Western District of Oklahoma and the conduct at issue in this action occurred in the aforementioned county, State of Oklahoma.

6. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the invasions of Plaintiffs' personal privacy by these Defendants in their illegal efforts to collect a consumer debt.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION

7. Plaintiff, or someone claiming to be the Plaintiff, may have incurred a financial obligation that was primarily for personal, family or household purposes and satisfies the definitional criteria of "debt" as contemplated by the Fair Debt Collections Practices Act, 15 U.S.C. § 1692a(5).

8. Sometime thereafter, the debt was consigned, placed or otherwise transferred to the Defendant for collection from Plaintiff.

9. Between January 2008, and July 2008, Defendant contacted the Plaintiff numerous times to collect the alleged debts from Plaintiff, which were communications in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

10. In each instance, Defendants contacted the Plaintiff that it knew or should have known was represented by counsel; and/or Defendant failed to properly validate the alleged debt; and/or has made false of misleading representations in regard to collection of the debt, and/or has a pattern and practice of filing suits that cannot be proven, and/or has fraudulently stated a fictitious date of payment to 'toll' the statute of limitations.

11. The conduct of the Defendant in an effort to collect this debt by repeatedly engaging Plaintiff in phone calls and verbally abusing Plaintiff was a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(5), 1692e(7), 1692e(10), and 1692f, amongst others.

12. Representative Melissa Raid of Defendant CCS contacted the Plaintiff on July 29, 2008, falsely stating that she had contacted Plaintiff's bankruptcy attorney and was told by a female employee that said attorney had not been retained to represent the Plaintiff. Plaintiff then contacted her bankruptcy attorney's office and was told that he was a sole practitioner, had no female employees other than the off-site answering service who cannot answer questions for his practice, but only refer callers to the attorney himself. Lying in an attempt to collect a debt and misrepresenting the amount of the debt are both violations of the FDCPA.

### *Summary*

15. Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear,

frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiffs' home and workplace.

## TRIAL BY JURY

16. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7.  Fed.R.Civ.P. 38.

## FIRST CAUSE OF ACTION
## (VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT BY COLLECTING DEBTS IN A MANNER DESIGNED TO HARASS OR ABUSE)

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. Defendants' conduct and communications with Plaintiff in the collection of the debts allegedly owed by Plaintiff were extreme and outrageous and intended by the Defendant to humiliate, embarrass, scare, and worry the Plaintiff and a violation of 15 U.S.C. § 1692d

19. As a result of the Defendants' outrageous conduct in the collection of a debt, the Defendants are liable to the Plaintiff for actual damages, exemplary damages, costs and a reasonable attorney's fee, and such further relief as the Court deems just and equitable.

## SECOND CAUSE OF ACTION
## (VIOLATIONS OF FAIR DEBT COLLECTIONS PRACTICES ACT FOR USING FALSE, DECEPTIVE OF MISLEADING REPRESENTATIONS)

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

Case 5:09-cv-00011-D   Document 1   Filed 01/06/09   Page 5 of 7

21. Defendants have violated 15 U.S.C. § 1692e by using false, deceptive or misleading representations or means in the collection of debts.

22. As a result of the Defendants' outrageous conduct in the collection of a debt, the Defendant is liable to the Plaintiff for actual damages, exemplary damages, costs and a reasonable attorney's fee, and such further relief as the Court deems just and equitable.

### THIRD CAUSE OF ACTION
### (VIOLATIONS OF FAIR DEBT COLLECTIONS PRACTICES 15 U.S.C. § 1692f BY USING UNFAIR PRACTICES IN THE COLLECTION OF A DEBT)

23. Plaintiff incorporates by reference all of the Paragraphs in this Complaint as though fully stated herein.

24. Defendant CCS violated 15 U.S.C. § 1692f by using unfair practices in the collection of a debt. These and other actions of the Defendant constitute violations of the FDCPA.

25. As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for declaratory judgment that Defendant's actions violated the FDCPA, and for Plaintiff's actual damages, statutory damages, costs, attorney's fees, and such further

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against the Defendants for statutory and actual damages, for attorney fees and costs, and for any other relief the Court deems equitable or just.

Respectfully Submitted,


/s/ A.D. Sanderson
A.D. Sanderson, OBA #21705
Law Center of Oklahoma
2914 Epperly Drive
Del City, Oklahoma 73115
(405) 672-9660 Telephone
(405) 672-9710 Facsimile
Sanderson@lawcenterofok.com
***Attorney for Plaintiff***

## CERTIFICATE OF SERVICE

I certify that on the 6th day of January, 2009, I electronically transmitted the foregoing Amended Complaint to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants.

/s/ A.D. Sanderson
A.D. Sanderson, OBA #21705
Law Center of Oklahoma
2914 Epperly Drive
Del City, Oklahoma 73115
(405) 672-9660 Telephone
(405) 672-9710 Facsimile
Sanderson@lawcenterofok.com
***Attorney for the Plaintiff***